**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOEL ANTONIO RAMIREZ-NOLASCO, | No. 10-70351 |
| Petitioner, | Agency No. A098-264-231 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Joel Antonio Ramirez-Nolasco, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo questions of law. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part and deny in part the petition for review.

The record does not compel the conclusion that Ramirez-Nolasco established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4)(5). Accordingly, his asylum claim fails.

The record does not compel the conclusion that the military's beating of Ramirez-Nolasco's father and uncle on one occasion, its attempts to recruit Ramirez-Nolasco, and the disappearance of his father's cousin occurred on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution[.]"); *see also Ochoa v. Gonzalez*, 406 F.3d 1166, 1172 (9th Cir. 2005). Considering these events from the perspective of a child does not cure Ramirez-Nolasco's failure to establish a nexus to a protected ground. *Cf. Hernandez-Ortiz v. Gonzalez*, 496 F.3d 1042, 1046 (9th Cir. 2007) (remanding where IJ did not consider young ages of petitioners at time of harm in determining whether petitioners suffered past persecution). Substantial evidence also supports the BIA's determination that Ramirez-Nolasco has not established it

2

is more likely than not that he will be persecuted in Guatemala on the basis of a protected ground. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003). Accordingly, Ramirez-Nolasco's withholding of removal claim fails.

We lack jurisdiction to review Ramirez-Nolasco's claim that his family constitutes a particular social group for purposes of asylum because he failed to present this argument to the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

Finally, Ramirez-Nolasco's contention that he appealed the immigration judge's denial of his CAT claim to the BIA is belied by the record. Accordingly, we lack jurisdiction to review Ramirez-Nolasco's claim that he is entitled to CAT protection. *See Tijani*, 628 F.3d at 1080.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**